PER CURIAM.
We affirm the dismissal of the class action lawsuit against Amstar Insurance Company. The order states, in pertinent part, that “[t]he language of Amstar’s insurance policy issued to Rodriguez, a copy of which is attached to Rodriguez’s Complaint, allows for the “betterment” deductions taken by Amstar, because the policy limits Amstar’s liability to either cash value or ‘the amount necessary to repair or replace the property with other of like kind and quality, with deduction for depreciation and minus your deductible.’ ” (Emphasis added). We affirm holding that the unambiguous terms of the policy permit Amstar to deduct from its payment to the insured the depreciation of the repaired or replaced parts. Cf. Great Tex. County Mut. Ins. Co. v. Lewis, 979 S.W.2d 72, 73 (Tex.Ct.App.1998)(deduction for depreciation or betterment not authorized *761 where policy requires insurer to “repair or replace the property with other of like kind and quality.”); Foultz v. Erie Ins. Exch., No. 3053-071970, 2002 WL 452115 (Pa.Com.Pl. March 13, 2002)(unpub-lished)(same).
Affirmed.